UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA JUNEAU and WILLIAM JUNEAU,<br><br>  Plaintiffs,<br><br>v.<br><br>SUBARU OF AMERICA, INC., and DOE 1 through DOE 10, inclusive,<br><br>  Defendants. | Case No.: 23-cv-614-DMS-KSC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |

This case comes before the Court on Plaintiffs Alexandra and William Juneau's motion to remand this case to state court. Defendant Subaru of America, Inc. filed an opposition, and Plaintiffs filed a reply. For the reasons set out below, Plaintiffs' motion is denied.

**I.**

**BACKGROUND**

The following facts are derived from Plaintiffs' Complaint. (*See* Complaint ("Compl."), ECF No 1 at 12-18.) This action concerns Plaintiffs' purchase of a vehicle ("the vehicle") manufactured by Defendant Subaru of America, Inc. (Compl. ¶¶ 5, 7.) Plaintiffs allege the vehicle had or developed numerous defects and continued to exhibit

1

such defects after Plaintiffs returned the vehicle to Defendant's facility for repairs. (*Id.* ¶¶ 8-13.) Plaintiffs allege Subaru has continuously failed to make the vehicle conform to the applicable warranties. (*Id.*) Plaintiffs bring a claim under the Song-Beverly Consumer Warranty Act seeking restitution, damages, civil penalties, costs and expenses, and attorneys' fees, (*id.* ¶¶ 14-17), and also bring a claim for breach of implied warranties of merchantability and fitness seeking rescission of the contract and attorneys' fees, costs, and expenses. (*Id.* ¶¶ 21-29.) Plaintiffs filed suit in the Superior Court of California, County of San Diego, Subaru timely removed the action, and Plaintiffs thereafter filed this motion to remand. (ECF No. 6.)

## II.
## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court only if the district court could have original jurisdiction over the matter. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, . . . the district court must remand if it lacks jurisdiction."). Federal courts "strictly construe the removal statute against removal jurisdiction," so that any doubt as to the right of removal is resolved in favor of remanding the case to state court." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party bears the burden to demonstrate that removal is proper. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

/ / /
/ / /
/ / /
/ / /

## III.

## DISCUSSION

Plaintiffs challenge Subaru's removal for three reasons: (1) the parties are not in complete diversity, (2) civil penalties cannot be included in the amount in controversy, and (3) attorneys' fees cannot be included in the amount in controversy.

### A. Diversity

Plaintiffs contend Subaru has not met its burden to show complete diversity of citizenship between the parties, arguing Subaru has failed to establish Plaintiffs' citizenship. For diversity jurisdiction under 28 U.S.C. § 1332(a), the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "Courts determine diversity of citizenship by a person's domicile, not his or her place of residence." *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 886 (S.D. Cal. 2021) (citing *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020)). A person's domicile is their "permanent home—that is, where (i) she resides, (ii) with the intention to remain or to which she intends to return." *Adams*, 958 F.3d at 1221 (citations and quotations omitted). However, "[a]t a minimum, a person's residence constitutes *some* evidence of domicile." *Id. See also Lee v. BMW of N. Am., LLC*, No. SACV1901722JVSADSX, 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (stating, district courts have found "a person's residence is prima facie evidence of domicile and citizenship.")

In its opposition, Subaru provides sales documentation, repair orders, and a public background search, which all indicate Plaintiffs are residents of California. Plaintiffs do not dispute they are residents of California. Instead, Plaintiffs challenge Subaru's use of extrinsic evidence. Plaintiffs contend that courts may only consider the "record of the state court [as] the sole source" from which to determine if a case is removable. *Peabody v. Schroll Trust*, 892 F.2d 772, 775 (9th Cir. 1989). But Plaintiffs fail to acknowledge that "parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the

time of removal." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).[1] "Courts in this District have found residency based on similar documents." *See Ha Nguyen v. BMW of N. Am., LLC*, No. 20-cv-2432-JLS, 2021 WL 2411417, at *3 (S.D. Cal. June 14, 2021) (citing cases).

The purchase agreement for the vehicle indicates Plaintiffs' address is in California, (Villegas Declaration ISO Defendant Subaru's Opposition, ECF No. 13 ¶ 3), the repair orders indicate Plaintiffs' address has remained the same as the purchase agreement from October 2019 to March 2023, (*id.* ¶¶ 4-22), and the background search indicates Plaintiffs have lived in various addresses in San Diego County from 1993 and 1994, respectively, through the date Defendant filed its opposition. This evidence demonstrates Plaintiffs' residence is in California and is prima facie evidence of Plaintiffs' domicile and citizenship in California. The Court finds Plaintiffs are citizens of California.

For purposes of diversity jurisdiction, a corporation is considered a citizen of the state in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Subaru contends its principal place of business is in New Jersey, and it is incorporated in New Jersey. (Villegas Decl. ¶ 26.) Plaintiffs do not challenge Subaru's citizenship. The Court therefore finds Subaru is a citizen of New Jersey.

Because Subaru has met its burden to show diversity of citizenship exists, Plaintiffs must rebut that showing. *See Canesco*, 570 F. Supp. 3d at 885 (stating, "[i]f a defendant carries its burden of presenting evidence that diversity of citizenship exists, the burden of production shifts to the plaintiff to rebut the evidence of diversity of citizenship"); *see also Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 885 (9th Cir. 2013) (holding the "party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues

---

[1] Plaintiffs cite to *Aletha Nelson v. Thor Motor Coach, Inc., et al.*, No. SA-CV-20-01266, (C.D. Cal. Sept. 11, 2020) to support their argument that a court may only consider the state court record. (Declaration of Sharona Silver ISO Plaintiffs' Motion to Remand, ECF No. 6-1 ¶ 7, Ex. E.) But *Aletha* specifically explains that courts may consider "summary-judgment type evidence." (*Id.*)

unless rebutted with sufficient evidence of change"). Plaintiffs fail to do so. The Court therefore finds Subaru has met its burden to establish complete diversity of citizenship.

B. Amount in Controversy

When, as here, a plaintiff challenges a defendant's assertion of the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Although both sides may submit evidence on the issue, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Under the preponderance of the evidence standard, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Id.*

i. *Civil Penalties*

"Damages recoverable under the Song-Beverly Act include restitution, incidental and consequential damages, attorneys' fees and costs, and if there has been a 'willful' violation of the Act, a civil penalty." *Ortega v. Toyota Motor Sales, USA, Inc.*, 572 F.Supp.2d 1218, 1221 (S.D. Cal. 2008). While there is disagreement among district courts whether civil penalties under the Song-Beverly Act are included in the amount in controversy calculation, *see Ha Nguyen*, 2021 WL 2411417, at *4-5 (collecting cases), this Court has included Song-Beverly civil penalties in the amount in controversy calculation. *See Modiano v. BMW of N. Am., LLC*, No. 21-cv-40-DMS, 2021 WL 973566, at *3-4 (S.D. Cal. Mar. 16, 2021) (including civil penalties in amount in controversy). And it will do so here. The Song-Beverly Act authorizes plaintiffs to recover "a civil penalty which shall not exceed two times the amount of actual damages." Cal. Civ. Code § 1794(c). "Courts treat the Song-Beverly Act's civil penalties akin to punitive damages." *Carillo v. FCA USA, LLC*, 546 F.Supp.3d 995, 1003 (C.D. Cal. 2021). "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*,

261 F.3d 927, 945 (9th Cir. 2001).  Because civil penalties under the Song-Beverly Act are akin to punitive damages, they are appropriately included in the amount in controversy calculation.

In their Complaint, Plaintiffs seek $39,496.92 in damages—restitution in the amount of $37,206.83 (down payment), and $2,290.09 (monthly payments to date).  (Compl. at 7, ¶¶ 1, 2.)  Plaintiffs also seek "a civil penalty up to two times the amount of actual damages (est. $78,993.84)[.]" (*Id.* at ¶ 2.)  Thus, for the vehicle and civil penalties alone, the amount in controversy is $118,490.76, which is facially apparent from the Complaint.  The Court therefore finds Subaru has met its burden to establish the amount in controversy exceeds $75,000.

          ii.    *Attorneys' Fees*

Plaintiffs seek attorney fees incurred as a result of filing their motion to remand. When remanding a case, a court may in its discretion "require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Because Plaintiffs' motion is denied, the Court denies Plaintiffs' request for attorneys' fees.

## IV.
## CONCLUSION

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Accordingly, Plaintiffs' motion to remand is denied.

**IT IS SO ORDERED.**

Dated: August 21, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court