UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA JUNEAU and WILLIAM JUNEAU,<br><br>                              Plaintiffs,<br><br>v.<br><br>SUBARU OF AMERICA, INC.,<br><br>                              Defendant. | Case No.: 23-cv-614-DMS-KSC<br><br>**ORDER SANCTIONING DEFENDANT'S COUNSEL FOR FAILURE TO APPEAR AT STATUS CONFERENCE AND FAILURE TO APPEAR AT HEARING ON ORDER TO SHOW CAUSE** |

On May 16, 2023, the Court issued a Scheduling Order pursuant to Federal Rule of Civil Procedure 16. *See* Doc. No. 11. The Scheduling Order set a counsel-only Status Conference for September 1, 2023, at 10:00 a.m. *Id.* The Court held the Status Conference as scheduled. Doc. No. 18. Counsel for plaintiffs appeared. *Id.* None of defendant's three attorneys of record—Daniel R. Villegas, Jacqueline Bruce Chinery, or Khachatur Chris Ourkhan—appeared for the Status Conference as ordered. *Id.* The Court thereafter issued an Order to Show Cause Why Sanctions Should Not be Imposed Against Defendant's Counsel (the "First OSC") and set a hearing on the First OSC for September 15, 2023, at which defendant's attorneys of record were all ordered to appear. *See* Doc. No. 19. The Court also set a deadline of September 11, 2023, for defendant's attorneys of record to

1

submit declarations explaining why they did not appear at the Status Conference on September 1. *See id.*

None of defendant's three attorneys ***timely*** submitted a declaration. Attorney Daniel R. Villegas submitted a declaration two days late, in which he explains that he made a calendaring error that caused him to miss the Status Conference. *See* Doc. No. 20. He further explained that he was late filing a declaration as ordered because he was in trial. *See id.* In a "supplemental" declaration also filed on September 13, 2023, Mr. Villegas stated he could not attend the scheduled hearing on the First OSC because he would be at a funeral. *See* Doc. No. 21. Rather than filing a motion to continue the hearing, he used his supplemental declaration to ask the Court for a continuance. *See id.* Neither of Mr. Villegas' declarations explained the absence of his colleagues, Ms. Chinery or Mr. Ourkhan, at the Status Conference. *See* Doc. Nos. 20, 21. Although the Court normally requires the filing of a motion to continue hearing dates rather than an ad hoc request in a declaration, the Court nonetheless continued the hearing on the First OSC until September 22, 2023, the date Mr. Villegas specifically requested in his Supplemental Declaration. *See* Doc. No. 22.[1]

On September 22, 2023, the Court held a hearing on the First OSC. *See* Doc. No. 25. Plaintiffs' counsel appeared. *Id.* None of defendant's attorneys appeared. *See id.* The Court allowed plaintiffs' counsel to reach out to Mr. Villegas in hopes of securing his presence, but he was not available, nor were his colleagues. *See* Doc. No. 26. Accordingly, the Court issued an Order to Show Cause (the "Second OSC") on September 22, 2023, requiring explanations why defendant's counsel should not be sanctioned for failing to appear at the hearing on the First OSC. *Id.* The Court set a hearing on the Second OSC for October 6,

---

[1]   The Court's Minute Order continuing the initial OSC hearing from September 15, 2023, to September 22, 2023, appeared on the docket. Doc. No. 22. Given the last-minute nature of the postponement of the September 15, 2023, OSC hearing, the Court's staff also sent a "courtesy" email notifying Mr. Villegas of the hearing continuance.

2023. *Id.* The deadline for plaintiffs' counsel to file a declaration detailing the costs and expenses incurred attending both hearings at which none of defendant's attorneys appeared was set for September 27, 2023. *Id.* The Court gave defendant's attorneys until October 2, 2023, to respond to that declaration and to submit declarations of their own explaining why they failed to appear at the hearing on the First OSC. *See id.*

Plaintiffs' counsel submitted a declaration as ordered, which shows plaintiffs incurred a total of $824.00 in fees due to defense counsel's failures to appear. Doc. No. 27. All three of defendant's attorneys submitted declarations responsive to the Second OSC. *See* Doc. Nos. 28-30. Although they all attempt to explain their collective failures to appear, none of the declarations specifically respond to plaintiffs' fee declaration. *See id.* Mr. Villegas claims he failed to attend the hearing on the First OSC because he "was not aware" the Court had continued the hearing on the First OSC at his request. *See* Doc. No. 30. Ms. Chinery and Mr. Ourkhan explained generally that they were not assigned to cover either the September 1, 2021, Status Conference or the September 22, 2023, OSC hearing. *See generally* Doc. Nos. 28, 29. Ms. Chinery further explains that she thought Mr. Villegas was handling the Status Conference, and therefore she was not required to appear. *See* Doc. No. 29. As to the hearing on the First OSC, she claims she was "not aware" she was required to appear at the First OSC hearing or submit a declaration explaining her absence at the Status Conference. *See id.* Mr. Ourkhan states he was "not assigned" to appear at any of the hearings, and therefore he did not know he had to make an appearance at any of them or submit a declaration responsive to the First OSC. *See* Doc. No. 28.

The Court held a telephonic hearing on the Second OSC on October 6, 2023, and the hearing was placed on the record. *See* Doc. No. 31. At the hearing, defense counsel individually offered sincere apologies for their collective and repeated failures to appear at court-ordered hearings. Plaintiff's counsel informed the Court that she had incurred another $180 attending the hearing on the Second OSC, which was only necessitated by defense counsel's failures to appear at the other two hearings. Defense counsel did not address the reasonableness of plaintiff's expenses. The Court will now rule on the issue of sanctions.

The Court may sanction a party or the party's attorney for a failure to appear at a pretrial conference or the failure to obey a scheduling order. Fed. R. Civ. P. 16(f)(1). The purpose of a Rule 16(f) sanction is "to encourage forceful judicial management." *See Sherman v. United States*, 801 F.2d 1133, 1135 (9th. Cir. 1986). "[V]iolations of Rule 16 are neither technical nor trivial" because they "involve a matter most critical to the court itself: management of its docket and the avoidance of unnecessary delays in the administration of its cases." *Martin Family Trust v. NECO/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (internal quotation marks omitted); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (noting that disregard of scheduling orders will "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier").

The Court has broad discretion to issue appropriate sanctions under Rule 16(f)(1). *See Off. Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993) (citing *NHL v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)); *Martin Family Trust*, 186 F.R.D. at 602-03. Sanctions are still within the Court's discretion even if the sanctioned party offers up an excuse and the failure to appear at a hearing is not intentional. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). The purpose of civil sanctions is to ensure compliance with court orders and to compensate aggrieved parties for the sanctioned party's failure to comply with court rules and orders. *Oracle USA, Inc. v. Rimini St., Inc.*, ___ F.4th ___, 2023 U.S. App. LEXIS 22345, at *33-34 (9th Cir. 2023); *see also United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947) (noting civil sanctions serve "to compensate the complainant for losses sustained").

The Court will individually address whether sanctions shall be imposed against each of the three attorneys.

**Mr. Villegas**

The Court must first consider whether Mr. Villegas had cause for failing to appear at the Status Conference on September 1, 2023. Mr. Villegas candidly confesses to a calendaring error. *See* Doc. No. 20 ¶ 3. Although the Court understands that calendaring

errors can and do occur, and the Court would not be inclined to impose a **harsh** penalty against a party or its attorney because of a mere calendaring error, the function of sanctions is in part to ensure the Court's orders do not become paper tigers that can be freely disregarded without fear of consequence. Accordingly, a modest sanction will provide Mr. Villegas with an incentive to accurately calendar future hearings, and the Court does not find Mr. Villegas has shown good cause for his failure to appear at the September 1, 2023, Status Conference.

As to Mr. Villegas' failure to appear at the First OSC hearing, he claims he did not know the Court continued the hearing at his request. But the Court's docket clearly reflects the continuance that was granted via Minute Order on September 14, 2023. *See* Doc. No. 22. Moreover, the Court's staff took the extra step of providing Mr. Villegas with a "courtesy" notice via email given the last-minute nature of his request for a continuance. Further, at the telephonic Second OSC hearing on October 6, 2023, Mr. Villegas explained that while he and his colleagues have access to CM/ECF filings, he had not read his emails as he was in trial, and therefore did not receive even the courtesy email on time. Given these factors, his excuse for failing to appear at the First OSC hearing does not show good cause sufficient to avoid the imposition of sanctions.

**Ms. Chinery**

Ms. Chinery appeared at neither the September 1, 2023, Status Conference nor the hearing on the First OSC. She reasoned that she didn't realize she had to appear at either hearing because she was not the attorney "assigned" to the case. *See generally* Doc. No. 29. As Ms. Chinery entered an appearance in this matter as counsel of record for defendant [Doc. No. 10], she has an obligation to attend all scheduled hearings, or ensure that they are covered by other counsel of record for her client. Only in this manner can cases proceed in an orderly fashion. Her explanation that she was "not assigned" to cover hearings in this matter does not show good cause for her failure to attend the Status Conference.

Her excuse for failing to attend the hearing on the First OSC is even more threadbare given the straightforward language of the First OSC. The Court ordered defendant's

"attorney*s* of record" (in the plural) to appear at the hearing and show cause why ***they*** (again in the plural) should not be sanctioned. The Court does not accept Ms. Chinery's suggestion that "attorneys of record" and "they" somehow meant "only Mr. Villegas." Accordingly, Ms. Chinery has shown nothing more than a failure of careful reading, which does not show cause for her failures to appear.

### Mr. Ourkhan

As the Court has already noted, Mr. Ourkhan offered similar explanations for his multiple failures to appear as did Ms. Chinery, *i.e.*, he did not know he had to appear because he was "not assigned" to the case, and so he took no action in response to any of the Court's orders. *See* Doc. No. 28. The Court rejects them on the same bases it rejected Ms. Chinery's explanations. Accordingly, Mr. Ourkhan has not shown cause for his multiple failures to appear.

### The Amount of Sanctions

The appropriate sanction here should compensate plaintiffs for their expenses incurred by defendant's failures to appear. *Oracle USA, Inc.*, 2023 U.S. App. LEXIS 22345, at *33-34. The goal of compensatory sanctions is "to make the injured party whole." *Kraszewski v. State Farm General Ins. Co.*, 130 F.R.D. 111, 113 (N.D. Cal. 1984) (citing *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 779 (9th Cir. 1983)). "[T]he Court must tailor its award to the pecuniary injury caused by the unexcused conduct." *Id.* "The amount necessary to compensate the aggrieved party may be estimated by the sanctioning court." *Id.* (citing *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1371 (9th Cir. 1980)).

Plaintiff's counsel submitted a declaration establishing that counsel spent 1.1 billable hours (at a rate of $515.00 per hour) "to prepare for the [September 1, 2023] conference, attend the conference, and communicate with Plaintiffs after the conference." Doc. No. 27 ¶ 4. As to the September 22, 2023, conference, counsel billed 0.5 hours (as reflected in counsel's "contemporaneous records") to "prepare for and attend the conference." *Id.* ¶ 5. All told, as laid out in the declaration, plaintiffs incurred a total of

$824.00 because of defense counsel's failures to appear at the Status Conference and the hearing on the First OSC. *Id.* ¶ 6. As stated at the hearing on the Second OSC, plaintiffs incurred another $180 that would not have been necessary if defendant's counsel had appeared at the two prior hearings. Thus, the total fees incurred by plaintiffs are $1,004. Defendant's counsel has had the opportunity to challenge the reasonableness of these fees but has not done so. The Court thus finds them reasonable. However, if the Court awarded the full sum of sanctions jointly and severally against all three of defendant's attorneys, counsel would be obligated to report them to the California State Bar because they exceed $1,000 and are not issued for a failure to make discovery. *See* Cal. Bus. & Prof. Code § 6068(o)(3). The Court considers that penalty disproportionate to counsel's malfeasance here, and so exercises its discretion to reduce the total sanctions to $999.

### **Conclusion**

The Court imposes sanctions of $999 against attorneys Daniel R. Villegas, Jacqueline Bruce Chinery, and Khachatur Chris Ourkhan, jointly and severally. The sanctions shall be paid to plaintiffs within **ten days** of the issuance of this Order. Defense counsel is to submit a statement of compliance with this Order no later than October 20, 2023.

**IT IS SO ORDERED**

Dated: October 6, 2023

Hon. Karen S. Crawford
United States Magistrate Judge